## FENNER & BEANE v. HOLT.[*]

(Circuit Court of Appeals, Fifth Circuit. October 29, 1924.)

No. 4211.

1. **Contracts ⬤143 — Courts look to actual transaction, rather than form.**

In construing transaction, courts will look to actual transaction, rather than form.

2. **Principal and agent ⬤23(1)—Evidence held to authorize finding cotton broker was acting as agent for another.**

Evidence *held* to authorize finding that broker, in accepting orders for cotton for future delivery, was acting as agent for another.

In Error to the District Court of the United States for the Southern District of Georgia; Wm. H. Barrett, Judge.

Action by Fenner & Beane against T. G. Holt. Judgment for defendant, and plaintiffs bring error. Affirmed.

John E. Hall and Warren Grice, both of Macon, Ga., and L. C. Going, of Memphis, Tenn. (Hall, Grice & Bloch, of Macon, Ga., on the brief), for plaintiffs in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is a suit by a firm of cotton brokers, members of the New Orleans Cotton Exchange, for advances which they claim they made for the account of the defendant in executing his orders on the exchange for the purchase and sale of cotton for future delivery. The defense was that, at the time the orders were given, the parties did not intend that the cotton should be paid for and delivered, but only intended that one party should pay to the other the difference between the contract price and the market price when the time fixed for delivery arrived. There was a verdict and judgment for the defendant. The only assignment of error relied on is that upon the whole evidence the court erred in refusing to direct a verdict for the plaintiffs.

J. J. Barrett and R. J. Willingham were engaged in Barrett's name at Macon, Ga., in the cotton brokerage business. They sent any orders received by them from their customers to the plaintiffs at New Orleans, and became entitled to one-half of the brokerage commissions. By signs upon the windows of his office, by newspaper advertisements, and by the stationery which he used in correspondence both with the plaintiffs and others, Barrett represented himself to be the Georgia representative of the plaintiffs. The defendant entered his orders at Macon with Barrett for transmission to the plaintiffs. He admitted that on several occasions

he gave orders direct without the knowledge of Barrett; but these transactions are not here involved, because this suit is brought only upon orders which one of the plaintiffs testified came through Barrett. The contracts were formally entered into, and each of them provided that actual delivery or receipt of the cotton was contemplated by the parties; but the defendant testified he notified Barrett that he (the defendant) did not want any cotton. Barrett replied that the plaintiffs thoroughly understood that. It is true the defendant also testified that the plaintiffs would transfer any orders which matured to a later month; but, according to defendant's testimony, it was understood between him and Barrett that eventually the contracts would be settled on the basis of the difference between the contract price and the market price, and not by receipt or delivery of actual cotton. Barrett was in Macon at the time of the trial, but did not testify. After the defendant failed to pay, the plaintiffs did not call upon Barrett for settlement, and had not sued him.

[1, 2] The case turns on whether Barrett was the agent of the plaintiffs or of the defendant. According to the orders, contracts, and rules of the New Orleans Cotton Exchange, the transactions were legitimate. However, forms are not important. Courts will look to the actual transactions. Irwin v. Williar, 110 U. S. 499, 4 S. Ct. 160, 28 L. Ed. 225. This case is not different in its essential features from that of Hyman & Co. v. Hay (C. C. A.) 277 F. 898; and here, as there, the evidence was sufficient to authorize the jury to conclude that Barrett was the agent of the plaintiffs, and that his knowledge was their knowledge.

The judgment is affirmed.